UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LIONELL NELSON,

                Plaintiff,

                                         **Hon. Hugh B. Scott**

                                         14CV870A

                v.

                                         **Order**

LARRY GLEASON, CARLTON
BRINK, GARY BELZ,

                Defendants.

Before the Court are various motions by plaintiff, proceeding pro se (Docket Nos. 5, 6, 7, 8). Plaintiff has filed these motions in an attempt to serve the defendants. Plaintiff alleges excessive force and assault by defendant corrections officers on October 16, 2011, when plaintiff was housed at Southport Correctional Facility, in violation of the Eighth Amendment (Docket No. 1, Compl.).

*Temporary Restraining Order (Docket No. 5)*

First, plaintiff moves for a temporary restraining Order (Docket No. 5) to enjoin defendants, "their successors in office, agents and employees and all other persons acting in concert and participation with them" from harassing plaintiff, stealing his food, depriving him of exercise, interfering with him receiving medical services, stealing his books, and aggressively pat frisking him (id. at 1-2). Court will not address this at this time because no defendant has been served. Plaintiff was in Southport Correctional Facility when he filed that motion (see id. at

page 4 of 5), but (according to New York State Department of Corrections and Community Supervision records) he is now housed at Clinton Correctional Facility. Given this relocation (and no supplemental allegation of continued harassment at Clinton Correctional Facility), injunctive relief as sought here **is moot**.

*Extension of Time to Serve (Docket No. 7) and Location of Defendants (Docket No. 8)*

Next, plaintiff moves for an extension of time for service by the United States Marshal Service (Docket No. 7). Plaintiff moved for (Docket Nos. 2, 3) and was granted (Docket No. 4) leave to proceed as a poor person, including ordering the United States Marshal to serve process for plaintiff. Attempts were made to serve defendants, corrections officers at Southport Correctional Facility, but the summonses were returned unexecuted (Docket No. 10). That extension of time for service (Docket No. 7) is **granted**. "Once a plaintiff is granted permission to proceed in forma pauperis, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court," Justice v. King, No. 08cv6417, 2009 WL 1606523, at *1 (W.D.N.Y. June 4, 2009) (Siragusa, J.); 28 U.S.C. § 1915(d). As the Second Circuit found in Walker v. Schult, 717 F.3d 119, 123 (2d Cir. 2013), when considering a pro se inmate attempting service through the USMS,

> "Generally, a pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshals Service to effect service. See 28 U.S.C. § 1915(d). . . . The failure of the U.S. Marshals Service to properly effect service of process constitutes 'good cause' for failure to effect timely service, within the meaning of Federal Rule of Civil Procedure 4(m). See Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (reversing dismissal where the U.S. Marshals Service failed to effect timely personal service **through no fault of the plaintiff**),"

Walker, supra, 717 F.3d at 123 (emphasis added).

2

This Court finds good cause shown to extend the time to serve summonses upon defendants, recognizing the fact that plaintiff had no control over the manner of service once his in forma pauperis motion was granted. With the grant of in forma pauperis status, the United States Marshal Service takes over service for plaintiff. The United States Marshal Service's failure to perform this service is good cause for an extension of time for service, see Murray v. Pataki, 378 Fed. App'x 50, 52 (2d Cir. 2010) (summary Order). See also Cortright v. Belloma, No. 13CV865, 2016 U.S. Dist. LEXIS 19310, at *12-16 (W.D.N.Y. Feb. 16, 2016) (Scott, Mag. J.).

Plaintiff also moves to compel disclosure of these defendants' addresses (Docket No. 8). Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), this Court requests that the New York State Attorney General's Office attempt to ascertain the addresses of defendants Larry Gleason, Carlton Brink and Gary Belz where these defendants currently can be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may properly serve these defendants as instructed by the Second Circuit in Valentin, supra. The New York State Attorney General's Office is hereby requested to produce this information regarding the addresses of these defendants by **May 27, 2016**.

*Appointment of Counsel (Docket No. 6)*

Plaintiff also moved for appointment of pro bono counsel (Docket No. 6), despite his efforts to retain counsel (see id., Exs.). That motion is **denied without prejudice** at this time. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).

Assignment of counsel in this matter is clearly within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit," Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

The Court has reviewed the facts presented herein in light of the factors required by law, including the analysis above on defendants' motion for summary judgment. Based on this review, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**. At this early stage in the litigation, plaintiff has shown that he can navigate the procedures for prosecuting this action. It remains the plaintiff's responsibility to retain his/her own attorney or to press forward with this lawsuit pro se. 28 U.S.C. § 1654.

Court Clerk is instructed to update plaintiff's address to the Clinton Correctional Facility, 1156 Route 374, P.O. Box 2000, Dannemora, New York 12929-2000. Pursuant to this Court's Local Civil Rule 5.2(d), this Court needs plaintiff's current address and plaintiff as a pro se litigant must inform this Court immediately, in writing, of any change of his address. Court Clerk is also to directed to forward a copy of this Order to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office, Michael.Russo@ag.ny.gov.

A copy of this Order will be sent to the Assistant Attorney General in Charge, Buffalo Office (see also Docket No. 4).  Chambers also will send a copy of this Order to plaintiff at Clinton Correctional Facility.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 12, 2016