UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LIONELL NELSON,

                Plaintiff,

                                      **Hon. Hugh B. Scott**

                                      14CV870A

              v.

                                      **Order**

LARRY GLEASON, et al.,

                Defendants.

Before the Court is pro se plaintiff's motion for entry of default against defendants, deemed by this Court to be a motion for reconsideration of the Court Clerk's denial of entry of default (Docket No. 22; see Docket Nos. 20 (plaintiff's Request for Clerk's Entry of Default), 23 (briefing Order). In addition to characterizing the pro se plaintiff's motion as a reconsideration motion, this Order scheduled responses to be due November 3, 2016 (Docket No. 23) (including calling for an explanation for the timing of defendants' Answer), which defendants dated their response that date but served and filed the next day (Docket No. 24); plaintiff's reply was due by November 15, 2016 (Docket No. 23).

BACKGROUND

Plaintiff, an inmate proceeding pro se, sued defendant corrections officers for alleged excessive force, in violation of the Eighth Amendment, and state tort claims for assault and negligence (Docket No. 1, Compl.), with the Complaint filed on October 20, 2014. Plaintiff also moved for in forma pauperis status (Docket Nos. 2, 3), which was granted on May 14, 2015, with

service of process to be provided by the United States Marshal Service (Docket No. 4).  The summonses issued by the Marshal were returned unexecuted on February 19, 2016 (Docket No. 10).

Meanwhile, moved for injunctive relief (Docket No. 5, motion of June 12, 2015), for appointment of counsel (Docket No. 6, motion of October 23, 2015), and later for service of defendants by the Marshal (Docket No. 7, motion of January 7, 2016), and to compel disclosure of defendants' addresses (Docket No. 8, motion of January 7, 2016).  The case then was referred to the undersigned on April 11, 2016 (Docket No. 11).  On April 12, 2016, plaintiff's motion for service and for discovery were granted, in effect extending the time for service; his motion for appointment of counsel was denied and the remaining motions for injunctive relief were deemed moot (Docket No. 12).  Noting that service by the Marshal resulted in the return of unexecuted summonses (id. at 2), this Court extended the time for service (id. at 2-3).  The Attorney General's office was requested to provide defendants' addresses by May 27, 2016 (id. at 3).

The summonses then were returned executed on April 27, 2016, with defendants' time to answer due by May 11, 2016 (Docket No. 13[1]; see also Docket Nos. 15 (Court informing plaintiff of status of this service), 14 (plaintiff's letter inquiring about the status of service)).  With no activity in this case since the filing of correspondence from plaintiff on May 26, 2016 (Docket No. 15; see Docket No. 14), on September 21, 2016, this Court noted that fact and ordered the parties to report the status of the case, giving them until October 5, 2016, to report (Docket No. 16).

---

[1] Defendants' response to this motion contends that their time to answer was actually May 5, 2016, Docket No. 24, Defs. Atty. Decl. ¶ 4.

2

On September 29, 2016, defendants filed their Answer with certificate of service claiming service upon plaintiff at his facility on the same date (Docket No. 17). There, defendants asserted with their admissions and denials of plaintiff's allegations seventeen affirmative defenses, including sovereign immunity, plaintiff's failure to exhaust his claims administratively, and failure to state a claim (id.). Pursuant to this Court's usual practice in pro se inmate cases, upon filing of that Answer a Scheduling Order was issued (Docket No. 18). Plaintiff wrote on September 26, 2016, that he had not been served with an Answer (Docket No. 19). Plaintiff then filed a Request for Clerk's Entry of Default on October 4, 2016 (Docket No. 20), which the Court Clerk did not enter due to the previously filed Answer (notice on docket, Oct. 4, 2016; see Docket No. 17). Plaintiff claims on October 3, 2016 (after the defendants assert the Answer was served) that he still had not been served with an Answer (Docket No. 21).

Plaintiff filed on October 11, 2016, the pending motion (now deemed to be a motion for reconsideration) seeking the Court Clerk to enter default (Docket No. 22). Plaintiff argues that defendants failed to answer or to seek an extension of time to answer (id. Pl. Aff. ¶¶ 1-2). To date, plaintiff has not claimed that he has been served with the Answer.

Defendants respond that they returned process on April 20, 2016, through counsel (see Docket No. 13), manifesting counsel's intention to appear and defend (Docket No. 24, Defs. Atty. Decl. ¶ 3). Defense counsel explained the office's normal reminder system for the numerous pro se cases against the Attorney General's clients that noted the deadline dates for serving Answers and said here that this system broke down when counsel forgot to set the deadline here and was missed (id. ¶¶ 5, 4). Defense counsel admits that he did not realize an

3

Answer was due until four months had passed and upon this Court's Order requiring a status report (id. ¶ 5). Defendants argue that they have meritorious defense and plaintiff cannot show any prejudice from the four-month delay (id. ¶ 6).

After giving plaintiff about one week beyond the deadline, plaintiff did not reply.

DISCUSSION

"Rule 55(a) of the Federal Rules of Civil Procedure provides that '[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.' Fed. R. Civ. P. 55(a). Rule 55(c) provides that '[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).' Fed. R. Civ. P. 55(c)," Rolle v. Hardwick, No. 14-cv-5247, 2016 U.S. Dist. LEXIS 60112 (E.D.N.Y. May 4, 2016) (Shields, Mag. J.), adopted 2016 U.S. Dist. LEXIS 68967 (E.D.N.Y. May 25, 2016). In Rolle, the pro se plaintiff sought entry of default against a defendant (the former mayor who failed to answer) and that defendant later moved, in the interest of justice, to set aside the clerk's notice of default and for leave to file a late Answer, 2016 U.S. Dist. LEXIS 60112, at *6, 4.

Entry of default is an extreme sanction, seen by courts as a "weapon of last, rather than first resort," Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess individual circumstances of a given case and to evaluate the credibility and good faith of the parties," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *6. This Court must consider the willfulness of a default in exercising its discretion

whether to set it aside, Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *7, citing Weisel v. Pischel, 197 F.R.D. 231, 238 (E.D.N.Y. 2000). "Any doubt 'as to whether a default should be granted or vacated' must be 'resolved in favor of the defaulting party,'" Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *6, quoting Enron Oil, supra, 10 F.3d at 96.

The Second Circuit has three criteria in determining whether "good cause" exists to relieve a party of default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present," Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *6, citing Enron Oil, supra, 10 F.3d at 96. "Willfulness," in turn, has been defined in this context as conduct that is "more than merely negligent or careless," S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 2008); Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *6. This same standard applies for leave to serve a late Answer, for if leave were denied the result would be the same as entry of default, Graves v. Correctional Med. Serv., No. 1cv1005, 2015 U.S. Dist. LEXIS 54928, at *3-4 (W.D.N.Y. Mar. 13, 2015) (McCarthy, Mag. J.). Prejudice here is more than mere delay; the plaintiff must show that the delay caused a loss of evidence, adds difficulties in discovery, or "provide[s] greater opportunity for fraud and collusion," Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *7 (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). For the meritorious defense, defendants "need not conclusively establish the validity of the defense(s) asserted," Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *8, but they "must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations," De Curtis v. Upward Bound Int'l, Inc., No. 09 Civ. 5378,

5

2012 U.S. Dist. LEXIS 143295, at *22 (S.D.N.Y. Sept. 27, 2012) (citation omitted), aff'd, 529 Fed. App'x 85 (2d Cir. 2013) (summary order); Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *8.  Willfulness is the factor "that 'carries the most weight,'" Hunt v. City of Auburn, No. 5:13-cv-1039, 2014 U.S. Dist. LEXIS 162083, at *5 (N.D.N.Y. Nov. 19, 2014) (quoting De Curtis, supra, 529 Fed. App'x at 86).

     The decision in Rolle is informative.  There, the court found that there was no willfulness in defendant's part since he was no longer in office when plaintiff sued him.  Plaintiff served defendant's former office rather than defendant personally.  Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *6-7.  As for prejudice, the court held that plaintiff did not articulate any specific prejudice and the court could not contemplate any prejudice to plaintiff arising from the late Answer, id. at *7.  The defendant also articulated a meritorious defense (lack of personal involvement in plaintiff's injuries), id. at *8-9.  The Magistrate Judge there recommended setting aside the default and granting defendant leave to file the late Answer, id. at *9-10, which was adopted by Judge Cogan, Rolle, supra, 2016 U.S. Dist. LEXIS 68967 (E.D.N.Y. May 25, 2016).

     Here, plaintiff (proceeding pro se) was granted in forma pauperis status on May 14, 2015 (Docket No. 4), with the Marshal effecting service of plaintiff's pleadings (id.), but service was not achieved.  On April 12, 2016, this Court ordered the New York State Attorney General to provide addresses for defendants by May 27, 2016 (Docket No. 12).  The Marshal then filed proof of service of the Complaint upon defendants; they were served on April 20, 2016, with their Answers due by May 11, 2016 (Docket No. 13).  There were no filings with this Court and the parties were ordered on September 21, 2016, to submit a status report by October 5, 2016 (Docket No. 16).  Defendants then filed their Answer (Docket No. 17) on September 29, 2016,

6

without formally seeking leave to file late and without then explaining this tardiness (cf. Docket No. 21; but cf. Docket No. 24).  The Answer had with it a Certificate of Service (Docket No. 17) that stated defendants served plaintiff by mailing a copy of the Answer on September 29 (id., Cert. of Service).  Plaintiff now claims that he had not been served with the Answer (Docket No. 21), although this claim was dated October 3, 2016 (id.).  This may be the reverse of the mailbox rule that applies for delivery of inmate mail, see Houston v. Lack, 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing); see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994), that the facility may have received the mailed Answer but plaintiff had not yet received it himself.

Plaintiff now renews his demand for entry of default because he had yet to be served with an Answer and that the purported Answer is untimely and the delay in service remains unexplained (Docket No. 21).  Since defendants had filed their Answer before plaintiff sought the entry of default, the Court Clerk denied that entry (docket notation, Oct. 4, 2016, entered, Oct. 5, 2016).  Apparently, the Court Clerk accepted defendants' representation that they served the Answer on the same day it was filed (cf. Docket No. 17, Ans. Cert. of Service).  This Court then deemed plaintiff's second request for the Clerk's entry as a motion to reconsider (see Docket No. 24).

Applying the Second Circuit's test for determining good cause for the belated Answer or to not enter default and as for defendants' willfulness, the record here does not indicate that defendants willfully refused to answer or delayed in answering, thus defendants' default was not willful.  The delay arose from law office failure, since counsel failed to note the deadline for

answering (see Docket No. 24, Defs. Atty. Decl. ¶¶ 4-6), see Hunt, supra, 2014 U.S. Dist. LEXIS 162083 at *5-7 (in pro se action, defendant's default was due to law office failure and not willful conduct, granting motion to set aside default); Elexco Land Servs. v. Hennig, No. 11CV214, 2011 U.S. Dist. LEXIS 44207, at *3-4, 5 (W.D.N.Y. Apr. 25, 2011) (Arcara, J.) (failure of defense counsel to diary Answer due date was careless and apparently not willful, granting motion to set aside default against defendant). As also noted by this Court, "it is well settled in this Circuit that an isolated episode of law office failure, unaccompanied by any showing of bad faith or strategic purposefulness, does not amount to willfulness," Hines v. Veterans Outreach Ctr., No. 10CV6493, 2010 U.S. Dist. LEXIS 130836, at *2 (W.D.N.Y. Dec. 10, 2010) (Larimer, J.) (in granting defendant's motion to extend time to answer in pro se action, also finding no evidence that plaintiff would be prejudiced by granting extension; citations omitted). This differs from Richardson v. Nassau County, 184 F.R.D. 497, 502 (E.D.N.Y. 1999), where defense counsel missed two conferences and argued that the volume of cases caused law office failure, id. at 499-501; the court there found this to be a "borderline case," id. at 502, involving "deliberate indifferen[ce]," id. at 499, on defense counsel's part (the Nassau County Attorney's office) and defendant's "obstructionist tactics during discovery," id. at 502, but then found that the default was not willful and ultimately vacated the default (on conditions), id. The court there found that this conduct was "not the kind of 'willfulness' and 'bad faith' contemplated" in American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.2d 57, 61 (2d Cir. 1996), to constitute willfulness, 184 F.R.D. at 502.

There is no prejudice to plaintiff in allowing defendants, essentially nunc pro tunc, leave to file a late Answer. Both sides did not act between May 26 and September 29, 2016, with

8

plaintiff under the impression this Court would contact him after the Answer deadline (see Docket No. 19) and defense failing to calendar the filing deadline.  Following filing of the Answer, this Court entered a standard Scheduling Order with deadlines consistent for other pro se inmate actions (Docket No. 18).  Prior to that, there was no activity in the case.  Plaintiff was not put at a disadvantage by the delay in defendants answering.  The four-month delay in answering, while significant, is not prejudicial.  Plaintiff had longer delays in the consideration of his in forma pauperis application and the time between attempts at service by the Marshal.  There has been no loss of evidence (or at least none alleged) or additional difficulties in conducting discovery, which has just begun.  Given plaintiff's present motion, this Court will entertain a motion to extend the Scheduling Order (Docket No. 18) deadlines to not prejudice any party for lack of time to investigate this matter.

      Finally, defendants have a meritorious defense.  Defendants raise in their Answer (Docket No. 17) standard procedural defenses (such as failure to state a claim, immunity under the Eleventh Amendment, claim being barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), for failure to exhaust administrative relief, and limits on plaintiff's ultimate recovery of compensatory damages under state law).  These defenses go beyond conclusory denials and raise serious question about the validity of plaintiff's allegations, see De Curtis, supra, 2012 U.S. Dist. LEXIS 143295, at *22; see also Rolle, supra, 2016 U.S. Dist. LEXIS 60112, at *8-9, that make them meritorious.

      Given the disfavor of entry of default, see, e.g., Richardson, supra, 184 F.R.D. at 502 (strong preference for resolution of disputes on merits), and the fact that defendants have answered, plaintiff's request for entry of default again is **denied**.  Defendants also are **given**

**leave**, nunc pro tunc, to file and serve their otherwise late Answer (Docket No. 17), see Van Gorder v. Workman, No. 03cv6409, 2006 U.S. Dist. LEXIS 3891, at *2 n.1 (W.D.N.Y. Jan. 25, 2006) (Siragusa, J.) (Court treating late Answer as motion to vacate implied default under Rule 55(c)). From the responses on record, there remains the concern that plaintiff may still not have the Answer served upon him. As a result, defendants are ordered to **reserve the Answer within ten (10) days of entry of this Order**.

Finally, this Court will not amend or extend Scheduling Order (Docket No. 18) deadlines at this time. Of course, upon proper application or motion by any party, this Court will revisit these deadlines.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 22) for reconsideration of the denial of entry of default against defendants is **denied**. Leave (nunc pro tunc) for defendants to file their Answer late is **granted**. Given plaintiff's unrebutted representation that he had not received this Answer, defendants are to re-serve the Answer upon plaintiff **within ten (10) days of entry of this Order**.

Upon the request of either side, this Court will revisit the deadlines set in the current Scheduling Order (Docket No. 18).

So Ordered.

                                                */s/ Hugh B. Scott*
                                                   Hon. Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       November 22, 2016