United States District Court
Western District Of New York

Lionell Nelson,
    Plaintiff

-vs-

Larry Gleason
Carleton Brink
Gary Belz,
    Defendants

Response To Defendant Declaration



1:14-CV-00870-RJA-HBS

---

Lionell Nelson declares under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in this case Pro Se.

2. This response is submitted in opposition to Defendants Declaration.

3. Plaintiff being Pro Se in this case and a layman is not very aware of all rules and wasn't aware of the fact that he had to make any such attempt to confer with Defendants about any request made on my behalf. An after being directed to read

on Fed.R.Civ.P. 26(a)(1), no such statement or fact exist. Defendant's claim that Plaintiff motion should be denied on the grounds that Plaintiff failed to comply with Fed.R.Civ.P 26(a)(1) by including a certification saying I attempted to confer with Defendant's to obtain the requested disclosure without Court intervention, but nowhere within this Rule states I am suppose to confer with them again after submitting Interrogatories, etc etc.
   Please See; Exhibit A1

4. As Plaintiff stated before Defendants only seem to want to make an attempt to comply only when the Court do intervenes. Defendants excuse for either replying late which they do without an extension or if at all once the Courts do intervene giving an Order is Law Office Failure.

5. MR. Sleight, AAG, claimed to be on trial the week of April 24-28. Yet, his reply was due by April 21, 3 days prior to him having to start trial. MR. Sleight signed off on his Declaration dated April 21, 2017, after stating he forgot to mail off a copy of his response, but on his Certificate Of Service he signed and dated April 27, 2017 which means he is attempting to deceive this Court and Plaintiff by back dating documents to cover up his continuous tardiness. Please See; Exhibit B1, B2, B3
Late claim of an oversight should not have a

date as early as April 21, if oversight wasn't notice to after trial was done or during.

6. Plaintiff wants to state for the record, he would like to review the IG Report. Defendants also stated that upon information and belief, the Addendum Plaintiff points to only exist due to Plaintiff allegedingly swallowing contraband so Plaintiff was placed on contraband watch. The only comments on this Addendum refers to is, Plaintiffs' injuries that the nurse attempts to down play. There's no mention of him swallowing any contraband on this Addendum Report. Plaintiff does admit to being placed on contraband watch which he cleared successfully without further incident or any reference to contraband being found there after.

Dated: May 9TH, 2017
Dannemora, NY 12929

Respectfully Submitted

L. Nelson #10A2357
Lionell Nelson, Pro Se

# Affidavit Of Service

State Of New York  
County Of Clinton

1:14-CV-00870-RJA-HBS

I, Lionell Nelson, being first duly sworn, deposes and says under penalty of perjury that I am the Plaintiff herein, and that I have served a copy of Response To Defendants Declaration upon the Honorable Hugh B. Scott, Clerk Of The Court, and Defendant's Counsel David J. Sleight AAG, by depositing sealed postpaid envelopes into the mail box here at Clinton Correctional Facility, Box 2001, Dannemora NY 12929 for delivery to the United States Postal Services.

Dated: May 9TH, 2017  
Dannemora, NY 12929

Respectfully Submitted

L. Nelson #10A2357  
Lionell Nelson, Pro Se

> United States Code Annotated
>   Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
>     Title V. Disclosures and Discovery (Refs & Annos)

Federal Rules of Civil Procedure Rule 26

Rule 26. Duty to Disclose; General Provisions Governing Discovery

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 26 are displayed in two separate documents. Notes of Decisions for subdivisions I to III are contained in this document. For Notes of Decisions for subdivisions IV to end, see second document for 28 USCA Federal Rules of Civil Procedure Rule 26.>

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(B)** *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another court; and

(ix) an action to enforce an arbitration award.

**(C)** *Time for Initial Disclosures--In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)** *Time for Initial Disclosures--For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

**(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

**(3)** *Pretrial Disclosures.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

(iii) an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made-- except for one under Federal Rule of Evidence 402 or 403--is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show

that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)** *Trial Preparation: Materials.*

**(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

**(i)** a written statement that the person has signed or otherwise adopted or approved; or

**(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.*

**(A)** *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)** *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

**(i)** relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**(D)** *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

**(E)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

(ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

**(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**(c) Protective Orders.**

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

**(d) Timing and Sequence of Discovery.**

**(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)** *Early Rule 34 Requests.*

**(A) Time to Deliver.** More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)** to that party by any other party, and

**(ii)** by that party to any plaintiff or to any other party that has been served.

**(B)** *When Considered Served.* The request is considered to have been served at the first Rule 26(f) conference.

**(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

(2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

(f) **Conference of the Parties; Planning for Discovery.**

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

(4) *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) **Signing Disclosures and Discovery Requests, Responses, and Objections.**

(1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party

personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

    **(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

    **(B)** with respect to a discovery request, response, or objection, it is:

        **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

        **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

        **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)** *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 28, 2010, effective December 1, 2010; April 29, 2015, effective December 1, 2015.)

**ADVISORY COMMITTEE NOTES**

1937 Adoption

**Note to Subdivision (a).** This rule freely authorizes the taking of depositions under the same circumstances and by the same methods whether for the purpose of discovery or for the purpose of obtaining evidence. Many states have adopted this practice on account of its simplicity and effectiveness, safeguarding it by imposing such restrictions upon the subsequent use of the deposition at the trial or hearing as are deemed advisable. See Ark.Civ.Code (Crawford, 1934) §§ 606 to 607; Calif.Code Civ.Proc. (Deering, 1937) § 2021; 1 Colo.Stat.Ann. (1935) Code Civ.Proc. § 376; Idaho Code Ann. (1932) § 16-906; Ill.Rules of Pract.Rule 19 (Smith-Hurd Ill.Stats. c. 110, § 259.19); Smith-Hurd Ill.Stats. c. 51, § 24; 2 Ind.Stat.Ann. (Burns, 1933) §§ 2-1501, 2-1506; Ky.Codes (Carroll, 1932) Civ.Pract. § 557; 1 Mo.Rev.Stat. (1929) § 1753; 4 Mont.Rev.Codes Ann. (1935) § 10645; Neb.Comp.Stat. (1929) ch. 20, §§ 1246-7; 4 Nev.Comp.Laws (Hillyer, 1929) § 9001; 2 N.H.Pub.Laws (1926) ch. 337, § 1; N.C.Code Ann. (1935) § 1809; 2 N.D.Comp.Laws Ann. (1913) §§ 7889 to 7897; 2 Ohio Gen.Code Ann. (Page, 1926) §§ 11525-6; 1 Ore.Code Ann. (1930) Tit. 9, § 1503; 1 S.D.Comp.Laws (1929) §§ 2713-16; Vernon's Ann.Civ.Stats.Tex. arts. 3738, 3752, 3769; Utah Rev.Stat.Ann. (1933) § 104-51-7; Wash.Rules of Practice adopted by the Supreme Ct., Rule 8, 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 308-8; W.Va.Code (1931) ch. 57, art. 4, § 1. Compare [former] Equity Rules 47 (Depositions--To be Taken in Exceptional Instances); 54 (Depositions Under Revised Statutes, §§ 863, 865, 866, 867--Cross Examination); 58 (Discovery--Interrogatories--Inspection and Production of Documents--Admission of Execution or Genuineness).

Exhibit B1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LIONELL NELSON (10-A-2357),

        Plaintiff,

-vs-

LARRY GLEASON, CARLETON BRINK,
AND GARY BELZ,

        Defendants.

DECLARATION

14-CV-00870-RJA-HBS

---

DAVID J. SLEIGHT declares under penalty of perjury that the following is true and correct:

1. I am an Assistant Attorney General, of counsel to Eric T. Schneiderman, Attorney General of the State of New York, attorney for Defendants.

2. This declaration is submitted in support of Defendants' motion for an extension of Plaintiff's time to reply on his motion to compel and for other relief.

3. Plaintiff filed a motion to compel and for other relief on March 31, 2017 (Docket No. 42).

4. The Court issued a text order on April 3, 2017, directing that Defendants respond to the motion by April 21, 2017, and Plaintiff reply by April 28, 2017.

5. On April, 21, 2017, Defendants filed a response to Plaintiff's motion (Docket No. 45). A copy of Defendants' response was to be mailed to Plaintiff; however, I forgot to do so. I was on trial this week in front of Judge Vilardo until yesterday afternoon. When I got back to my office after the trial I realized my oversight and am Mailing Defendants' response on today's date.

Exhibit B2

6. In light of the above, Defendants respectfully request that Plaintiff's time to reply on his motion be extended by one week, until May 5, 2017.

DATED: Buffalo, New York
April 21, 2017

>ERIC T. SCHNEIDERMAN
>Attorney General of the State of New York
>Attorney for Defendants
>BY: /s/ David J. Sleight
>DAVID J. SLEIGHT
>Assistant Attorney General, of Counsel
>350 Main Street
>Main Place Tower, Suite 300A
>Buffalo, New York 14202
>(716) 852-6274
>david.sleight@ag.ny.gov

Exhibit B3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LIONELL NELSON (10-A-2357),

        Plaintiff,

-vs-                                    14-CV-00870-RJA-HBS

LARRY GLEASON, CARLETON BRINK,
AND GARY BELZ,

        Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2017, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

And, I hereby certify that on April 27, 2017, I mailed a copy of the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

        Lionell Nelson (10-A-2357)
        Clinton Correctional Facility
        1156 Rt. 374
        P.O. Box 2001
        Dannemora, New York 12929

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorney for Defendants

By:    *s/David J. Sleight*
        DAVID J. SLEIGHT
        Assistant Attorney General, of Counsel
        Main Place Tower, Suite 300A
        350 Main Street
        Buffalo, New York 14202-3473
        Telephone: (716) 852-6271
        David.Sleight@ag.ny.gov

LEGAL MAIL

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**CLINTON CORRECTIONAL FACILITY**
P.O. BOX 2001
DANNEMORA, NEW YORK 12929

NAME: Lionell Nelson    DIN: 10A2357

USDC-WDNY
MAY 15 2017
BUFFALO

Clinton Correctional Facility

Clerk Of The Court, Western District
United States Courthouse
2 Niagara Square
Buffalo, NY 14202

NEOPOST
05/10/2017
US POSTAGE $000.88⁰
FIRST-CLASS MAIL
ZIP 12929
041M1272305