UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LIONELL NELSON,

                Plaintiff,

                **Hon. Hugh B. Scott**

                14CV870A

                v.

                **Order**

LARRY GLEASON,
CARLETON BRINK, and
GARY BELZ,

                Defendants.

Before the Court are plaintiff's motions (Docket Nos. 42, 50, 62). First, plaintiff moves to enforce a prior Order (this Court's Scheduling Order, Docket No. 12) requiring defendants Larry Gleason, Carleton Brink, and Gary Belz to produce initial disclosure (Docket No. 42). Plaintiff also seeks sanctions against defendants for deliberately disregarding the Scheduling Order in not providing initial disclosure and for making allegedly false representations (Docket No. 42). He also moved to compel defendants to answer Interrogatories (id.). Then, plaintiff moves to compel responses to his Requests for Admissions and seeks discovery sanctions for discovery he deems to be evasive (Docket No. 50). Later, he again moved to compel answers to his Interrogatories (Docket No. 62) and for production of documents (id.), while stating his response to defendants' objections to discovery (id.).

As for plaintiff's first motion, responses were due by April 21, 2017, with replies initially due by April 28, 2017 (Docket No. 43), but defendants sought to extend plaintiff's reply to

May 5, 2017, due to their late service of their response (Docket Nos. 47 (motion), 48 (Order granting defense motion), 49 (Order granting extension of reply deadline)). Defendants submitted their response (Docket No. 45) and plaintiff replied (Docket No. 54).

Within their response to plaintiff's first motion, defendants also requested the extension of time, until May 5, 2017, to answer his Interrogatories (Docket No. 45), which this Court had not addressed. Now seeing little prejudice to plaintiff (and that defendants had served answers, Docket Nos. 46 (Belz, filed April 21, 2017), 51 (Gleason, filed May 5, 2017), 56 (Brink, filed May 15, 2017), even though the last answer was after the May 5 deadline sought), defendants motion for that extension (see Docket No. 45, Defs. Atty. Decl. ¶ 4) is **granted nunc pro tunc**, but to the date of the last served answer, or **May 15, 2017**; and so much of plaintiff's second motion (Docket No. 50) objecting to the timing of defense answers to these Interrogatories, is **denied**.

Regarding plaintiff's second discovery motion (Docket No. 50), he was ordered to file with this Court his Requests for Admissions, see W.D.N.Y. Loc. Civ. R. 5.2(f) (requiring filing of discovery in pro se cases), by June 2, 2017; responses then were due by June 16, 2017, with replies due by June 26, 2017 (Docket No. 57). These two motions were deemed submitted, without oral argument, on June 26, 2017 (Docket No. 57). Plaintiff's third motion to compel had responses due by June 14, 2017 (Docket No. 64). All motions thus were submitted (without oral argument) on June 26, 2017 (see Docket No. 57).

BACKGROUND

Plaintiff, proceeding pro se as an inmate at Southport Correctional Facility, alleged that defendant corrections officers came into plaintiff's cell on October 16, 2011, and threw plaintiff

2

against the cell wall and grabbed him by the throat and mouth to compel him to open his mouth. Defendants allegedly then handcuffed plaintiff and took him to the shower where plaintiff was punched. The defendants were seeking drugs plaintiff allegedly had from an earlier visit. Defendants then allegedly stripped searched plaintiff for the contraband. In all, plaintiff alleges that defendants deprived him of his rights under the Eighth Amendment to be free from unjustified use of force (id. ¶ 51) and the failure of defendant Corrections Sergeant Belz to protect him from the codefendants (id. ¶¶ 54-55).

He moved for leave to proceed in forma pauperis (Docket Nos. 2, 3), which was granted while this Court dismissed plaintiff's official capacity claims (Docket No. 4, Order of May 14, 2015, at 1-2). The time for defendants' to serve their Answer was extended (Docket No. 12; cf. Docket No. 5), and defendants duly filed their Answer on September 30, 2016 (Docket No. 17). On September 30, 2016, a Scheduling Order was entered, with discovery to be completed by March 28, 2017 (Docket No. 18). After motion practice regarding plaintiff's attempts to obtain entry of default against defendants (Docket Nos. 20, 22, 27, 33) plaintiff's Interrogatories to defendants (Docket Nos. 29-31), and plaintiff's initial disclosure (Docket No. 32), that schedule was extended (see Docket No. 40) with discovery to be completed by May 24, 2017 (Docket No. 41). After additional discovery responses (as detailed below), and, upon defense request for extension (Docket No. 60), the schedule was further extended and discovery deadline now is August 18, 2017 (Docket No. 63).

Given that these motions involve discovery responses deemed owed, a discourse into the filings of discovery in this action is in order, see W.D.N.Y. Loc. Civ. R. 5.2(f). This discussion will track the three motions to compel filed by plaintiff.

3

*Plaintiff's First Motion (Docket No. 42)*

The first Scheduling Order was an inmate Scheduling Order (Docket No. 18); an exception from Rule 26(a) allows this Court to order the parties (primarily defendants) to exchange initial disclosures (id. ¶ 3), with these disclosures due by November 29, 2016 (id.). Under this District's Local Civil Rule 5.2(f), in an incarcerated pro se action such as this "all discovery materials . . . shall be filed with the Court, W.D.N.Y. Loc. Civ. R. 5.2(f); see id. R. 5.2(f)(1) (defining "discovery" required to be filed). Plaintiff filed his Interrogatories posed to each defendant (Docket Nos. 29-31).

Defendants filed their disclosures on November 29, 2016 (Docket No. 28), with attached documents, and then refiled just the initial disclosure on January 17, 2017 (Docket No. 36), with proof of service of both filings attached (Docket Nos. 28, 36).

Plaintiff moved to enforce the initial Scheduling Order and its requirement of production of initial disclosure, seeking sanctions for defendants' non-disclosure (Docket No. 42). Defendants argue that the motion should be denied because plaintiff made no attempt to confer about the discovery dispute prior to moving (Docket No. 45, Defs. Atty. Decl. ¶ 3). After noting that one of the defendants submitted his answers to plaintiff's Interrogatories (id. ¶ 4 & n.1; Docket No. 46, Belz Ans. to Interrog.), defendants recounted the materials produced with their initial disclosure (Docket No. 45, Defs. Atty. Decl. ¶ 5) and notes the absence of a Use of Force or Unusual Incident Report for this incident (id. ¶ 6). Defendants also sought an extension of time (until May 5, 2017) to answer plaintiff's remaining Interrogatories (Docket No. 45, Defs. Atty. Decl. ¶ 4).

4

Plaintiff replied pleading that he did not know of the meet and confer requirement prior to moving to compel disclosure but he disputes whether there is a meet and confer requirement either under Rule 26(a) or after serving Interrogatories (Docket No. 54, Pl. Decl. ¶ 3). He claims that defense counsel's response was back dated to hide defendants' continued tardiness (id. ¶ 5). Plaintiff continues to seek production of the Inspector General report (id. ¶ 6) which defendants as a matter of policy refuse to produce to inmates directly due to security concerns (see Docket No. 45, Defs. Atty. Decl. ¶ 5). But defense counsel offered a method for plaintiff to review the Inspector General's Report (Docket No. 45, Defs. Atty. Decl. ¶ 5) but does not state what that procedure is.

Meanwhile, plaintiff served and filed his document demand (Docket No. 44; see Docket No. 45, Defs. Atty. Decl. ¶ 7); defendants stated that they were endeavoring to produce the sought materials by May 5, 2017 (Docket No. 45, Defs. Atty. Decl. ¶ 7).

*Plaintiff's Second Motion (Docket No. 50)*

While the first motion was pending, plaintiff also moved for sanctions against defendants for their failure to answer his Requests for Admissions, for filing duplicate documents, and other, purported evasive actions (Docket No. 50). While setting defendants' response deadline, this Court also noted that plaintiff had not filed the Request for Admissions at issue, as would be required for discovery requests from a pro se inmate litigant under this Court's Local Rule 5.2(f)(1)(G) nor was it included with his moving papers, and gave plaintiff until June 2, 2017, to file copies of the Request (Docket No. 57). Plaintiff never filed the Request and defendants did not respond to this motion.

5

*Plaintiff's Third Motion (Docket No. 62)*

Finally, plaintiff moved defendants to produce specified responses to his document production (Docket No. 62; see Docket No. 44). Plaintiff earlier noted that defendants Gleason and Brink had not served answers to Interrogatories as of May 9, 2017 (Docket No. 55, Pl. Response ¶ 2), although they later did serve and file their answers (Docket Nos. 51 (Gleason's Answer, dated May 5, 2017), 56 (Brink's Answer, dated May 15, 2017). Defendants' motion for nunc pro tunc service of these Answers was granted above. Regarding objections raised by defendants under New York Civil Rights Law § 50-a to production of defendants' personnel records, plaintiff proposes to have this Court conduct an in camera review of the sought files to identify documents that could be produced (Docket No. 62, Pl. [3d] Motion to Compel ¶¶ 4, 9).

Again, defendants respond that plaintiff failed to meet and confer regarding what was and was not produced in his document demand (Docket No. 65, Defs. Atty. Decl. ¶ 3). After noting objections to producing documents not in their custody, possession, or control (id. ¶ 6), defendants state that they produced logbook entries to plaintiff and noted that no Use of Force report or Unusual Incident Report were created (id. ¶ 7). They also contend that plaintiff's request for any and all rules and regulations on how to conduct an investigation of prisoners was overly broad and requested that plaintiff narrow that request (id. ¶¶ 8-9), after producing Department of Corrections and Community Supervision directives regarding use of physical force, unusual incident reports, reporting inmate attitude and behavior, and other matters (id. ¶ 9). Finally, defendants addressed some concerns stated by plaintiff regarding Interrogatory answers (id. ¶¶ 10-16).

6

DISCUSSION

I.     Applicable Standards

Rule 26(a) is usually not applicable to inmate cases, Fed. R. Civ. P. 26(a)(1)(B)(iv) (exemption from initial disclosure for action brought without an attorney by a person in custody) unless so ordered by this Court, id., R. 26(a)(1)(A). It is under this provision that this Court issues Scheduling Orders in pro se inmate actions without holding a Scheduling Conference and requiring the parties to exchange initial disclosure, as was done in this case (Docket No. 18). Under this Court's Local Civil Rule, discovery for pro se cases is to be filed with this Court, unlike discovery in represented actions, W.D.N.Y. Loc. Civ. R. 5.2(f). The purpose of this filing is ensure that discovery is provided to pro se inmate litigants and for the Court to be aware of what was (and was not) produced, given the unequal means most defendants have as compared with pro se inmate plaintiffs.

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or

duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

II.  Initial Disclosures (Docket No. 42)

Defendants filed their initial disclosure made to plaintiff (Docket Nos. 28 (with attached exhibits), 36), with certificates of service upon plaintiff at Clinton Correctional Facility (id.) back in November 2016, when required by the Scheduling Order (cf. Docket No. 18). Plaintiff's objection to not receiving it has no basis for compelling defendants to respond (again). Since these disclosures with appended documents are filed with this Court and to ensure that plaintiff has these documents, the Court Clerk is asked **to send a copy of Docket No. 28 to plaintiff.** Otherwise, plaintiff's motion (Docket No. 42) to compel this disclosure is **deemed moot**.

III.  Plaintiff's Other Discovery Demand (Docket No. 42)

The remaining outstanding issue is production of an Inspector General's report on the incident, IAD-11-1506. Defense counsel offered an unstated method for having plaintiff inspect these documents; defendants **shall produce the report to plaintiff pursuant to this method**. Therefore, plaintiff's first motion (Docket No. 42) is **granted in part, deemed moot where already produced or to be furnished by copy from the Court Clerk**.

IV.     Plaintiff's Requests for Admissions (Docket No. 50)

This Court next turns to plaintiff's second discovery sanction motion (Docket No. 50). He seeks responses to his Requests for Admissions (id.). Plaintiff has not filed a copy of the Request, W.D.N.Y. Loc. Civ. R. 5.2(f) (cf. Docket No. 57). Thus, this Court cannot determine on this record what was being asked, whether (for example) it is cumulative of discovery obtained by other methods. Absent that documentation (and also lacking a defense response to this motion), plaintiff's motion (Docket No. 50) is **denied**.

V.     Plaintiff's Third Motion to Compel (Docket No. 62)

Plaintiff also proposes in camera inspection of defendants' personnel and internal affairs files. In Evans v. Murphy, No. 12CV365, Docket No. 46, 2013 U.S. Dist. LEXIS 72825, at *13- (W.D.N.Y. May 22, 2013) (Scott, Mag. J.), this Court discussed New York Civil Rights Law § 50-a and an inmate litigant's access to correction officer defendants' personnel records. There, the inmate plaintiff moved to compel from the individual corrections officers production of their respective personnel records and internal affairs records in accordance with § 50-a, id. at *11. Defendants argued that they were not in possession of those records, only the Department of Corrections and Community Supervision had those records, id. at *13. This Court then noted that it

> "cannot compel a non-party to produce documents based upon a Rule 34 discovery demand served upon a party. The Court can only compel the defendants to produce documents that are withing [sic] their possession, custody or control. The Court is also aware that the information in personnel files is considered privileged under New York State law. In federal civil rights cases, issues of privilege are governed by federal, not state, law. It is undisputed that under federal law, New York Civil Rights Law § 50-a does not prohibit discovery of police personnel documents. Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988). That does not mean that the state statute is to be given no effect. According to the New York State Court of Appeals, the legislative intent

9

underlying the enactment of §50-a was enacted to prevent time consuming and perhaps vexatious investigation into irrelevant collateral matters in the contest of a civil or criminal action, and to avoid embarrassment and harassment of testifying officers by cross-examination concerning 'unsubstantiated and irrelevant' matters in their personnel files. See Matter of Capital Newspapers v. Burns, 67 N.Y.2d 562 (1986). Generally, the Court will direct the production of documents contained in the personnel file of an officer only if the documents are relevant and involved disciplinary action taken against the officer. See Diaz v. Goord, 2007 WL 2815735 (W.D.N.Y. 2007)(Payson, M.J.)(directing disclosure of documents relating to disciplinary action imposed on the defendants in connection with allegation of excessive force); Wright v. Goord, 2008 WL 2788287 (W.D.N.Y. 2008)(Payson, M.J.)(directing search of personnel files for documents relating to disciplinary action taken against defendants based upon the use of excessive force). It is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence. See Crenshaw v. Herbert, 409 Fed. Appx. 428 (2d. Cir. 2011)(the district court did not abuse its discretion by denying plaintiff's motion to compel production of defendant's personnel file; the court properly relied on defense counsel's affirmation that the file contained no relevant disciplinary records; even if evidence of a prior <u>substantiated</u> excessive force investigation existed, on the facts of the particular case before us such evidence would be inadmissible to show that defendant acted violently in this instance). Crenshaw, 409 Fed. Appx. at 430 citing Fed. R. Evid. 404(b). See also DiRico v. City of Quincy, 404 F.3d 464 (1st Cir. 2005)(district court in arrestee's § 1983 action against police officer for injuries sustained in arrest did not plainly err in excluding evidence of an earlier arrest by officer that resulted in a complaint of use of excessive force; evidence had no special relevance to any issue in action, evidence relating to a single, unsubstantiated claim of use of excessive force had limited probative value, and admission would have created danger that jury would render verdict on improper basis that officer was prone to engaging in violent behavior.)."

Evans, supra, 2013 U.S. Dist. LEXIS 72825, at *13-15 (emphasis in original). In that case, the defendant officers were ordered to produce for in camera inspection "only those documents in their possession, custody or control which relate to any claims of excessive use of force involving any of the individual defendants which has been substantiated upon the conclusion of an internal administrative investigation or court proceeding," id. at *16.

As in Evans, the individual correction officers here do not possess, control or have in their custody their personnel or internal affairs records. But unlike that decision, this Court will

10

not compel these defendants to produce for in camera review documents they do not possess or control. If they have access to their personnel or internal affairs files, they would be required to produce documents that "relate to any claims of excessive use of force involving any of the individual defendants which has been substantiated upon the conclusion of an internal administrative investigation or court proceeding," id., which is a more limited category of documents than the individual officers' personnel or internal affairs files, in any documents meet these criteria. Plaintiff's motion to compel production of defendants' personnel and internal affairs files (Docket No. 62) thus is **denied**.

VI.     What Remains

Discovery still must be completed (as previously ordered, Docket No. 63) by **August 18, 2017**. Both sides did not seek a further extension of this discovery deadline and sufficient time remains to complete discovery. This Court, of course, will entertain any motion to the contrary.

Defendants are to furnish the Inspector General's report, IAD-11-1506, to plaintiff in the manner proffered by defense counsel. Plaintiff's remaining motions to compel are denied.

VII.    Plaintiff's Motion for Discovery Sanctions

    A.      Standards

Recovery of reasonable discovery costs under Rule 37 occurs if the motion to compel is granted or disclosure is made after filing that motion, Fed. R. Civ. P. 37(a)(5)(A), and plaintiff as movant here attempted in good faith to obtain discovery; nondisclosure was not substantially justified; and other circumstances would not make an award of expenses unjust, id., R. 37(a)(5)(A)(i), (ii), (iii). If a motion to compel is partially granted, and after giving the parties an opportunity to be heard, this Court may apportion reasonable motion expenses, id.,

11

R. 37(a)(5)(C). If the motion to compel is denied, however, the opposing party may receive reasonable defense costs associated with the motion, provided that the motion was not substantially justified or other circumstances would not make the imposition of those costs on the movant unjust, id., R. 37(a)(5)(B).

B.   Application

As defendants correctly notes, plaintiff has not attempted to meet with the defense to resolve his discovery disputes short of motion practice. The first time might be excused because, as he noted in his response (Docket No. 54, Pl. Decl. ¶ 3) he was not aware of the requirement. But for his third motion (Docket No. 62), plaintiff was aware of the obligation as he noted in his prior response. In Evans, supra, 2013 U.S. Dist. LEXIS 72825, at *12 n.6, this Court went further and found that Rule 37's certification process did not apply to pro se litigants at all.

Plaintiff prevailed only in part on his first motion to compel (obtaining a copy of the initial disclosure filed with this Court and access to the Inspector General's report pursuant to proffered defense procedures). He is denied the other relief sought in that motion and in the two subsequent motions. Thus, the partial prevailing provision of the rules (Fed. R. Civ. P. 37(a)(5)(C)) applies or, if taking each motion separately, the denied motion sanction rules (Fed. R. Civ. P. 37(a)(5)(B)) apply. Under the latter rules, normally the focus would be on defendants' opposition costs. But plaintiff here is proceeding pro se as an inmate granted leave to sue in forma pauperis (Docket No. 4 (Order); see Docket Nos. 2, 3 (motions)). This constitutes a circumstance in which imposition of defendants' motion defense costs unjust.

Therefore, under either Rule 37(a)(5)(C) or 37(a)(5)(B), **no award of costs will be imposed for these motions**.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 42) to enforce provisions of the Scheduling Order (Docket No. 18) for defendants to produce initial disclosures is **denied as moot, save duplication of the initial disclosure filed by defendants**. The Court Clerk is instructed to duplicate and send defense initial disclosure (Docket Nos. 28, 36) to plaintiff. Defense counsel **shall produce** to plaintiff the Inspector General's report, as he proposed to do.

Plaintiff's second discovery motion (Docket No. 50) is **denied** (regarding objections to the timing of defendants' answers to Interrogatories) and **denied** as to other relief sought. Plaintiff's third motion to compel (Docket No. 62) is **denied**. No award of costs for these motions (either pursuing the successful motion or defending the unsuccessful ones) shall be awarded.

Defendants' motion (see Docket No. 45, Defs. Atty. Decl. ¶ 4) seeking to extend their time to answer plaintiff's then outstanding Interrogatories is **granted, nunc pro tunc**, to **May 15, 2017**, thus making their served Interrogatory Answers (Docket Nos. 51, 56) timely.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 13, 2017