UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LIONELL NELSON,

               Plaintiff,

        v.                                       Civil Index No. 14-cv-00870

LARRY GLEASON, CARLETON BRINK, AND
GARY BELZ,

               Defendants.

_____

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS
MOTION TO REOPEN DISCOVERY**

                                        Respectfully submitted,

                                      PHILLIPS LYTLE LLP
                                        Attorneys for Plaintiff
                                        *Lionell Nelson*
                                        One Canalside
                                        125 Main Street
                                        Buffalo, New York 14203-2887
                                        Telephone No. (716) 847-8400

Erin E. Connare
James E.B. Bobseine
David J. Rudroff
– Of Counsel –

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT        MR. NELSON HAS SHOWN GOOD CAUSE FOR WHY
                THIS COURT SHOULD REOPEN DISCOVERY .............................. 1

CONCLUSION   ............................................................................................................ 4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Tota v. Bentley*,
    No. 06CV514S, 2008 WL 3540375 (W.D.N.Y. Aug. 12, 2008)
    (Scott, Mag. J.).................................................................................................................1

*Williams v. Fischer*,
    No. 13cv118, 2015 WL 3522431 (W.D.N.Y. June 4, 2015) (Scott, Mag. J.) ......................1, 2

*Young v. Sw. Airlines Co.*,
    14-cv-1940 (LDH) (RLM), 2016 WL 3257008 (E.D.N.Y. May 4, 2016)............................1, 2

## PRELIMINARY STATEMENT

Plaintiff Lionell Nelson ("Plaintiff" or "Mr. Nelson") respectfully submits this reply memorandum of law in further support of his motion to reopen discovery ("Motion"). For the reasons set forth in Mr. Nelson's underlying motion papers and herein, Mr. Nelson has demonstrated good cause to reopen discovery.  The opposition of defendants Larry Gleason, Carleton Brink, and Gary Belz (collectively, "Defendants"), on the other hand, utterly fails to identify any factors that weigh against Mr. Nelson's requested relief.

## ARGUMENT

## MR. NELSON HAS SHOWN GOOD CAUSE FOR WHY THIS COURT SHOULD REOPEN DISCOVERY

As set forth in Mr. Nelson's underlying motion papers, the factors that this Court will consider in reopening discovery clearly weigh in his favor.  *See Young v. Sw. Airlines Co.*, 14-cv-1940 (LDH) (RLM), 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016); *Williams v. Fischer*, No. 13cv118, 2015 WL 3522431, at *3-4 (W.D.N.Y. June 4, 2015) (Scott, Mag. J.); *Tota v. Bentley*, No. 06CV514S, 2008 WL 3540375, at *4-5 (W.D.N.Y. Aug. 12, 2008) (Scott, Mag. J.).  Specifically, Mr. Nelson has demonstrated:  (1) trial is not imminent, as it has neither been scheduled nor determined whether trial will proceed before the Magistrate Judge; (2) Defendants will not be prejudiced, as Mr. Nelson seeks limited discovery that will require minimal time, effort, and expense from Defendants; (3) that Mr. Nelson diligently attempted to obtain discovery during the originally scheduled period, but, as a *pro se* litigant, did not understand the mechanisms available to him in either obtaining discovery or addressing deficiencies in Defendants' responses; (4) Defendants would have foreseen the need for the requested discovery, as it is rare that a plaintiff intentionally fails to depose the named defendants or key witnesses or video of the incident allegedly underlying

Defendants' search (particularly in an action such as this where credibility assessments of competing accounts will be essential); (5) the discovery sought will lead to highly relevant and admissible evidence (particularly as to those credibility determinations), and; (6) discovery was conducted while Mr. Nelson was proceeding *pro se*, while incarcerated, and without the benefit of his recently-appointed counsel.

In their opposition brief ("Opposition"), Defendants argue that they will be prejudiced "in that their day in Court would be delayed in a case that is already three and a half years old, and the discovery sought is unlikely to lead to relevant evidence, as the discovery to date 'pretty well indicate[s] what the anticipated trial witnesses are going to say.'" *See* Opposition p. 5. Notably, Defendants do *not* deny that: (1) trial is not scheduled and the parties have not decided whether trial will proceed before the Magistrate Judge[1]; (2) Mr. Nelson diligently attempted to pursue discovery during the period allotted by this Court; (3) Mr. Nelson's discovery request is tailored such that it will require Defendants' to expend minimal time and expense; (4) it was reasonably foreseeable to Defendants that this discovery would be needed[2]; or (5) the discovery conducted in this case was done while Mr. Nelson was proceeding *pro se* and incarcerated.

Instead, Defendants argue that because this case began three years ago, the "delay" resulting from reopening discovery will cause them prejudice. *See* Opposition pp. 4-5. This is disingenuous. In reality, Defendants have participated in this case for only about 1.5 years, and it is *their* conduct that has caused any unnecessary delay. Mr. Nelson began

---

[1] Defendants' contradictory stance on the imminence of trial should be disregarded. As they concede, trial has *not* been scheduled. *See* Opposition p. 5.

[2] Defendants argue Mr. Nelson "wrongfully attempts to turn this factor" against them, as it is "not their burden" to establish good cause. This characterization of Mr. Nelson's arguments wholly ignores the fact that "the foreseeability of the need for additional discovery" is one of the factors expressly considered by district courts in New York. *See Williams*, 2016 WL 3257008, at *2.

this lawsuit on October 23, 2015, but was unable to effect service upon Defendants until April 2016 due to the constraints of his incarceration.[3]  *See* Docket Nos. 1, 12.  Defendants did not file an answer until September 29, 2016 – nearly five months after answering papers were due, and only after prompting by this Court.  *See* Docket Nos. 13, 16-17.

Mr. Nelson served written discovery upon Defendants on November 28, 2016 (following motion practice resulting from Defendants' failure to timely answer), but Defendants *again* failed to timely respond.  *See* Docket No. 42.  Ultimately, on April 21, 2017 (months after their responses were due), Defendants requested this Court grant them an extension until May 5, 2017 to respond.  *See* Docket Nos. 45, 48.

Moreover, in May 2017, Defendants requested another extension from the Court in order to conduct Mr. Nelson's party deposition – rather similar relief to that which Mr. Nelson is requesting, and which Defendants oppose.  *See* Docket No. 60.  Finally, despite the Court's July 13, 2017 Order requiring Defendants to produce to Mr. Nelson the Inspector General's report, IAD-11-15006, pursuant to DOCCS' procedure, Defendants failed to do so prior to the close of fact discovery, prompting Mr. Nelson to seek assistance from the Court in September 2017.  *See* Docket Nos. 66, 68, 71.  Thus, Defendants' claim of prejudice is without merit.

Finally, Defendants' unsupported claim that the discovery sought will not adduce relevant evidence is simply incorrect.  The issues in this case are highly dependent upon issues of credibility, as the assault was not seen by any person other than Mr. Nelson and Defendants.  Defendants have already deposed Mr. Nelson to explore his credibility, presumably with the intention of having his deposition testimony available for use for any

---

[3] One of the "motions to compel" that Defendants claim demonstrates Mr. Nelson's adeptness in discovery was actually a motion to obtain Defendants' addresses so that the U.S. Marshal could serve Defendants with the summons and complaint.  *See* Docket No. 8.

alleged impeachment purposes at trial.  Mr. Nelson, on the other hand, has not had the

chance to depose Defendants or key fact witnesses who, as Defendants acknowledge, are

"anticipated trial witnesses."[4]  The existence of interrogatory responses and documents that

potentially indicate how the witnesses will testify does not make depositions unnecessary.

To the contrary, it provides greater reason for Mr. Nelson to depose the individuals to

discover issues of credibility and consistency.  Likewise, Defendants' claim that the video

surveillance of Mr. Nelson's visit with Jessica Medina no longer exists (through no fault of

Mr. Nelson's), if true, makes it even more important that Mr. Nelson be permitted to depose

these witnesses to explore the true motivations behind Defendants October 16, 2011 visit to

Mr. Nelson's cell (and the ensuing search and assault).

<u>**CONCLUSION**</u>

As the circumstances of this case weigh heavily in favor of reopening

discovery, Plaintiff Lionell Nelson respectfully requests that this Court grant his motion to

reopen discovery in its entirety.

---

[4] Defendants concede it would be difficult for Mr. Nelson to conduct depositions as a *pro se* inmate, but propose that "written questions" may have been sufficient.  *See* Opposition p. 4.  This is not so, particularly in light of the bare-bones nature of Defendants' responses to Mr. Nelson's interrogatories.

Dated:  Buffalo, New York
        March 14, 2018

PHILLIPS LYTLE LLP


By: /s/Erin E. Connare
       Erin E. Connare
       James E.B. Bobseine
       David J. Rudroff
Attorneys for Plaintiff
*Lionell Nelson*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
econnare@phillipslytle.com
jbobseine@phillipslytle.com
drudroff@phillipslytle.com

Doc #01-3107411