UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LIONELL NELSON,

                Plaintiff,

**Hon. Hugh B. Scott**

14CV870A

                v.

**Order**

LARRY GLEASON, et al.,

                Defendants.

Before the Court is plaintiff's motion to reopen discovery pursuant to Federal Rule of Civil Procedure 16(b)(4) (Docket No. 87). Under the current Amended Scheduling Order (Docket No. 63), discovery was to be completed by August 18, 2017 (id.). On September 15, 2017, plaintiff moved for appointment of pro bono counsel (Docket No. 70; see Docket No. 73) which was granted (Docket No. 83) and counsel appeared for him on November 1, 2017 (Docket Nos. 74-76).

Responses to plaintiff's pending motion were due by February 21, 2018, with replies due by February 28, 2018, and the motion was deemed submitted without oral argument (Docket No. 89). On January 23, 2018, this Court held a status conference where plaintiff noted his motion and defendants stated their objections (Docket No. 90). Defendants sought additional time to respond (Docket No. 91); that was granted and their response was due by March 7, 2018, with replies due March 14, 2018 (Docket No. 92). Defendants submitted their attorney's

declaration (Docket No. 93) and their Memorandum in response (Docket No. 94), while plaintiff submitted his Reply Memorandum (Docket No. 95).

BACKGROUND

This is a civil rights action commenced initially by plaintiff pro se as an inmate in New York State Department of Corrections and Community Services' ("DOCCS") custody. Plaintiff sues defendant corrections officers for alleged excessive force, in violation of the Eighth Amendment, and state tort claims for assault and negligence (Docket No. 1, Compl.). As an inmate in Southport Correctional Facility ("Southport") plaintiff claims that defendant corrections officers came into his cell on October 16, 2011, and threw plaintiff against the cell wall and grabbed him by the throat and mouth to compel him to open his mouth. Defendants allegedly then handcuffed plaintiff and took him to the shower where plaintiff was punched. The defendants were seeking drugs plaintiff allegedly had from an earlier visit. Defendants then allegedly stripped searched plaintiff for the contraband. In all, plaintiff alleges that defendants deprived him of his rights under the Eighth Amendment to be free from unjustified use of force (id. ¶ 51) and the failure of defendant Corrections Sergeant Belz to protect him from the codefendants (id. ¶¶ 54-55).

Plaintiff moved for leave to proceed in forma pauperis (Docket Nos. 2, 3), which was granted while this Court dismissed plaintiff's official capacity claims (Docket No. 4, Order of May 14, 2015, at 1-2). Defendants duly filed their Answer on September 30, 2016 (Docket No. 17).

After the discovery deadline passed, defendants moved for summary judgment (Docket No. 77). With the appearance of pro bono counsel, defense counsel sent a letter withdrawing this motion (see Docket No. 85).

*Plaintiff's Motion to Reopen Discovery (No. 87)*

Through counsel, plaintiff now moves to reopen discovery (Docket No. 87). He intends to conduct limited document discovery, seeks audio and video recordings relevant to the incident, depose several witnesses, and conduct other discovery as may become necessary (Docket No. 87, Pl. Atty. Decl. ¶ 17). Despite plaintiff's pro se conduct of this action prior to appointment of pro bono counsel (see id. ¶¶ 4-5, 10-14, Exs. A-D), plaintiff did not seek certain documents or depose witnesses (id. ¶¶ 11-14) or obtain video or audio recordings of plaintiff's October 16, 2011, visit with Jessica Medina which lead to the alleged incidents against him (id. ¶ 11, Ex. E). Plaintiff's counsel originally prepared this motion to reopen discovery as a cross-motion to defendants' (now withdrawn) summary judgment motion (id. ¶¶ 16, 9).

Plaintiff now seeks discovery reopened to depose the three defendants (id. ¶ 18). During the January 23, 2018, status conference, defendants said they did not oppose this discovery (Docket No. 90). Plaintiff also wants to depose nurse Mark Delauro, who examined plaintiff after the alleged assault (Docket No. 87, Pl. Atty. Decl. ¶ 19). He seeks to depose Sergeant Joel Ayers, who investigated plaintiff's grievance from this incident (id. ¶ 20). As for documents now sought, plaintiff seeks records related to inmate and witness Damon Holmes, who witnessed plaintiff being lead to the shower and later heard the assault (id. ¶ 21; see id. Ex. I, Holmes Decl.). Plaintiff contacted defense counsel regarding reopening discovery and defense counsel stated his opposition (id. ¶ 22, Ex. J).

3

Noting that plaintiff recently obtained pro bono counsel and this Court's past position on similar request (Docket No. 87, Pl. Memo. at 3, citing Williams v. Fischer, No. 13CV118, 2015 WL 3522431, at *3-4 (W.D.N.Y. June 4, 2015) (Scott, Mag. J.)); Tota v. Bentley, No. 06CV514, 2008 WL 3540375, at *4-5 (W.D.N.Y. Aug. 12, 2008) (Scott, Mag. J.), plaintiff urges that this Court reopen discovery. Considering the six factors used to determine whether there is good cause to reopen, Williams, supra, 2015 WL 3522431, at *3, plaintiff concludes that he has shown good cause (id. at 2-3, citing Young v. Southwest Airlines, 14CV1940, 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (citations omitted)). First, a trial is not scheduled or imminent; second, defendants oppose this request, but plaintiff argues that while this factor favors the defense by itself this factor should not justify denial of his motion (id. at 3-4, 6). Third, plaintiff asserts that defendants would not be prejudiced by this limited discovery (id. at 4); fourth, plaintiff believes he was diligent despite his incarceration in conducting discovery prior to appointment of counsel (id.). Fifth, plaintiff contends that his discovery should be foreseeable to defendants, since deposition of the opponents should be expected (id. at 4-5); and sixth, plaintiff believes that deposing defendants (and the other limited discovery sought) would lead to relevant evidence, namely ascertaining defendants' credibility (yet to be tested since the pro se plaintiff never examined defendants) (id. at 5). Since there were no disinterested non-party eyewitnesses of the assault, plaintiff concludes that the case turns on the credibility of the parties; without defendants' deposition or production of visitor video or audio recordings that assessment cannot occur (see id.).

Defendants object, pointing out that the discovery deadline has long passed (Docket No. 94). Defendants contend plaintiff litigated extensively (Docket No. 93, Defs. Atty. Decl.

4

¶ 6), noting that defendants produced over 800 pages of documents to plaintiff (id. ¶¶ 7, 8-10). Defendants discount the relevance of the visit prior to the incident to justify reopening discovery (id. ¶ 11; see id. Ex. A). They argue that plaintiff has not demonstrated good cause for reopening discovery in an over three-year-old case (Docket No. 94, Defs. Memo. at 4). Plaintiff could have conducted written depositions rather than oral examination, but he did not chose to do so (id.). Defendants argue prejudice from further delay in an over three-year-old case (id. at 5).

In reply, plaintiff argues he has shown good cause for reopening discovery (Docket No. 95, Pl. Reply Memo. at 1-4).

## DISCUSSION

I.  Applicable Standard

    A.  Rule 16 Modification of Scheduling Order

Under Rule 16, a Scheduling Order "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4). Courts have construed the "good cause" requirement "as the essential mechanism for cases becoming trial-ready in an efficient, just and certain manner," Kramer v. The Boeing Co., 126 F.R.D. 690, 692 (D. Minn. 1989); Rouse v. Farmers State Bank, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994), quoted in 3-16 Moore's Federal Practice—Civil § 16.14[1][a] (2018) (hereinafter "Moore's"). While discipline and "pressure to prepare that is deemed essential to timely case development and effective docket management," Moore's, supra, § 16.14[1][a], are reasons for the good cause standard, as the commentator noted "on the other hand, imposing too demanding a standard for changing these orders would be unrealistic and could be counterproductive," id. This Court has wide discretion in determining whether good cause exists, id., § 16.14[1][b]. As held by this Court in Carlson v. Geneva City

5

School District, 277 F.R.D. 90, 95 (W.D.N.Y. 2011) (Payson, Mag. J.), "good cause depends on the diligence of the moving party in seeking to meet the scheduling order," citing Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003). The discovery period should not be extended when the movant has had ample opportunity to pursue evidence during discovery, Carlson, supra, 277 F.R.D. at 95; Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (district court may deny, emphasis added, when a party had ample opportunity to for discovery).

  B. Reopening Discovery

As noted by this Court in Williams v. Fischer, supra, 2015 WL 3522431, at *3, this Court has discretion to preserve its Scheduling Order or to extend deadlines therein upon a showing of good cause, Tota, supra, 2008 U.S. Dist. LEXIS 61885, at *8; Krawec v. Kiewit Constructors Inc., No. 11 Civ. 0123, 2013 U.S. Dist. LEXIS 37132, at *23 (S.D.N.Y. Mar. 1, 2013); Shapard v. Attea, No. 08CV6146, 2015 U.S. Dist. LEXIS 24651, at *5 (W.D.N.Y. Mar. 2, 2015) (Siragusa, J.), including reopening discovery, Williams, supra, 2015 WL 3522431, at *3-4. Factors for determining good cause and the diligence of the moving party include "1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence," Krawec, supra, 2013 U.S. Dist. LEXIS 37132, at *23; Shapard, supra, 2015 U.S. Dist. LEXIS 24651, at *5, and also 6) plaintiff's diligence in seeking discovery, see Young, supra, 2016 WL 3257008, at *2 (Docket No. 87, Pl. Memo. at 2-3).

6

II.     Reopening Discovery

One reason for appointment of pro bono counsel (or for counsel to appear in case already commenced by a pro se litigant) heretofore pursued pro se is for professional eyes to look at issues and procedures that the pro se litigant overlooked. Plaintiff's counsel wishes to depose defendants and other witnesses, and obtain certain additional documents and materials (such as audio or video recordings of the inmate visitor's area prior to the incident) to complete his discovery.

While plaintiff has had ample time to conduct discovery, much of that time he was pursuing this case as an inmate pro se. There are limitations inherent in plaintiff's incarceration that limit the devices and means for his discovery. Even if defendants produced volumes of paper production to him (and he retained it while in custody), other methods of discovery (namely depositions beyond his own and that of the named defendants) had to await appointment or the appearance of counsel.

Applying the six factors this Court recognized in Williams, supra, 2015 WL 3522431, at *3-4, and the court in Young, supra, 2016 WL 3257008, at *2, trial is not imminent in this case. Prior to appointment of counsel, defendants were about to move for summary judgment (see Docket Nos 77, 85). Defendants do oppose this motion (see Docket Nos. 93, 94), and that factor weighs in favor of denying reopening discovery. As plaintiff now argues, it was foreseeable that (at a minimum) defendants would be deposed. As an inmate proceeding pro se, his ability (or perceived ability) to depose witnesses including the parties is restricted. Even if plaintiff managed to conduct the deposition of a defendant, there are questions or lines of inquiry plaintiff

7

may not have addressed that counsel would. Defendants would not be prejudiced by reopening discovery.

As for plaintiff's diligence, plaintiff was not dilatory when he was pro se. As a pro se litigant, he missed discovery devices and avenues but he has not stalled discovery or other proceedings. Defendants filed a timely motion for summary judgment (Docket No. 77) on the November 2, 2017, deadline (Docket No. 63), then plaintiff's pro bono counsel filed their appearances and were appointed the next day (Docket Nos. 74-76, 83). Defendants then withdrew their motion (Docket No. 85). After appearance of pro bono counsel, plaintiff diligently pursued continued depositions and plaintiff's counsel learned the case, intending to file the present motion to reopen discovery as a cross-motion to defendants' summary judgment motion until its withdrawal.

If this Court denies plaintiff's motion and the defendants later move for summary judgment, plaintiff may argue that, under Rule 56(d), he cannot respond to some defense contention in support of their motion because of this incomplete discovery. If there are issues that remain for trial after any dispositive motions (or if no dispositive motions are filed), plaintiff may have to resort to the trial to examine witnesses they now seek additional time to pursue.

As for foreseeability, defendants could anticipate that they would be examined. Clearly, relevant evidence will be elicited from the limited discovery plaintiff now seeks. On the video or audio recording of the visitation room before the alleged assault, the basis for searching plaintiff's cell was the suspicion that he obtained contraband from Medina during the visit (see Docket No. 93, Defs. Atty. Decl. Ex. A). In the memorandum from defendant Belz (id.), Belz asked to revoke Medina's visitation privileges until Belz reviewed the video from the SHU

visiting room. Whether the officers had reasonable suspicion to search plaintiff and his cell is relevant, thus the recording that led to the search (and the incident at issue) is relevant and should be subject to discovery.

An extension of discovery here will make this case trial (or disposition) ready in an efficient and just manner.

Plaintiff does not state how much time he needs to conduct and complete discovery upon reopening. Ninety days should be sufficient to complete discovery. A new Amended Scheduling Order is at the Conclusion of this Order.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 87) to reopen discovery is **granted**. Discovery thus shall be completed by **June 27, 2018** (that is, 90 days from entry of this Order); dispositive motions (including revival of previously filed motions) are due by **September 25, 2018** (90 days from the discovery deadline date).

So Ordered.

/s/ Hugh B. Scott<br>Hon. Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
       March 29, 2018